NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**FILED UNDER SEAL**

---

IN RE EDWARD R. REINES,
*Respondent.*

---

14-MA004

---

Before PROST, *Chief Judge*, and NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, and HUGHES, *Circuit Judges.*[1]

PER CURIAM.

## ORDER

Pursuant to Rule 46 of the Federal Rules of Appellate Procedure and Rules 2(e) and 5(b) of the Federal Circuit Attorney Discipline Rules, this court issues a show cause order to Edward R. Reines, requesting that he show cause why he should not be disciplined for conduct unbecoming a member of the bar.

1. Rule 46 provides that a member of the bar of a court of appeals is subject to suspension or disbarment if he or she "is guilty of conduct unbecoming a member of the court's bar." Fed. R. App. P. 46(b)(1)(B). Similarly, any attorney who practices before the court may be subject to discipline "for conduct unbecoming a member of the bar."

---

[1] Circuit Judge Rader is recused in this matter.

*Id.* 46(c). The Supreme Court has interpreted Rule 46 to "require[] members of the bar to conduct themselves in a manner compatible with the role of courts in the administration of justice." *In re Snyder*, 472 U.S. 634, 644–45 (1985).

2. In determining whether an attorney's conduct constitutes "conduct unbecoming a member of the bar" within Rule 46, courts are to be guided "by case law, applicable court rules, and 'the lore of the profession,' as embodied in codes of professional conduct." *Id.* at 645. These sources of guidance include the code of professional conduct promulgated by the attorney's home state bar. While state ethics rules "do[] not by [their] own terms apply to sanctions in the federal courts," a federal court "is entitled to rely on the attorney's knowledge of the state code of professional conduct." *Id.* at 645 n.6. Here, Mr. Reines is a member of the State Bar of California.

3. Rule 8.4(e) of the American Bar Association's Model Rules of Professional Conduct states that "[i]t is professional misconduct for a lawyer to . . . state or imply an ability to influence improperly a government agency or official to achieve results by means that violate the Rules of Professional Conduct or other law." Model Rules of Prof'l Conduct R. 8.4(e) (2013 ed.). "A lawyer who suggests that he or another lawyer is able to influence a judge or other public official because of a personal relationship violates Rule 8.4(e)." Laws. Man. on Prof. Conduct (ABA/BNA), at 101:703 (March 30, 2011). *See also* Cal. R. Prof'l Conduct 1-400 ("Advertising and Solicitation"); *id.* Standard 6 (creating a presumption that "[a] 'communication' in the form of a firm name, trade name, fictitious name, or other professional designation which states or implies a relationship between any member in private practice and a government agency or instrumentality" violates Rule 1-400).

4. The following has come to the court's attention: On or about March 5, 2014, then-Chief Judge Rader sent the attached email to you. *See* Attachment A. It has been alleged that you disseminated the attached email to clients and to potential clients in soliciting their business, implying a special relationship with the judge. If accurate, this allegation raises questions concerning a violation of Rule 46 of the Federal Rules of Appellate Procedure prohibiting conduct unbecoming a member of the bar. Moreover, this allegedly occurred during a time when you had cases pending before then-Chief Judge Rader.

5. The court directs you to show cause as to why these actions do not warrant disbarment, suspension, sanction, or other attorney discipline. In addition to addressing the possible ethical violation, your response should include the following information in the form of an affidavit or declaration: (1) whether you or anyone acting on your behalf disseminated this email to existing or potential clients; (2) if so, the dates of dissemination, names and addresses of the recipients, copies of any written communications that accompanied the emails, and any responses received from the email recipients or from people to whom it was forwarded following your dissemination.

Accordingly,

IT IS ORDERED THAT:

(1) Mr. Reines is directed to respond by July 7, 2014, why he should not be disciplined by this court.

(2) Pending further order of this court this order and the response shall be placed under seal.

FOR THE COURT

June 5, 2014
Date

Daniel E. O'Toole
Clerk of Court